COMMONWEALTH *vs.* RONALD MILOT.

Middlesex. January 6, 2012. - May 9, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Practice, Criminal,* Probation, Revocation of probation, Plea. *Moot Question.*

This court dismissed an appeal from an order revoking probation, where the probationer's subsequent pleas of guilty to the offenses that formed the basis of the probation revocation judge's factual finding of a violation of probation rendered moot the claim that the evidence offered at the probation revocation proceeding was unreliable hearsay. [200-202]

COMPLAINTS received and sworn to in the Lowell Division of the District Court Department on June 19, June 26, and August 25, 2008.

A proceeding for revocation of probation was heard by *Michael J. Brooks*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

*Elizabeth F. Silverman*, Assistant District Attorney, for the Commonwealth.

IRELAND, C.J. We granted the probationer's application for direct appellate review to consider whether his pending appeal from the revocation of his probation was rendered moot when he subsequently pleaded guilty to the crime on which that revocation was based. Because we conclude that the probationer's claim of error, the reliability of the hearsay evidence used against him, pertains to the judge's factual finding that he violated his probation, the appeal is moot.

*Facts and procedure.* In 2009, a continuation without a finding was entered on each of three complaints issued against the

probationer in the District Court. The probationer was placed on probation for one year. One of the conditions of his probation was that he obey all laws.

A few months later, the probationer was served with a notice of probation violation and hearing based on a complaint that issued in the Lowell Division of the District Court Department, alleging armed assault with intent to murder.[1] At the surrender hearing, the Commonwealth called one witness, a Lowell police officer, who testified as follows.

At approximately midnight on May 17, 2009, the officer and his partner went to a hospital in Lowell to investigate a stabbing. At first, the victim would not reveal what had happened and told the officer not to worry about it and that he would take care of it. The officer left the room to telephone his sergeant. When he returned, the victim's girl friend was there. She was asked to leave with the officer's partner, after which the victim apparently agreed to recount the events.

The victim told the officer that he and his girl friend had been at a party in a wooded section of Lowell. The victim knew the probationer "from the area" but they were not friends. The probationer approached, leaned over the victim, stabbed him twice, said, "I hope you bleed to death," and then ran away. The victim "attempted to stand up to go after [the probationer], but then he realized he had been stabbed." His girl friend took him to the hospital.

The girl friend was interviewed separately. She corroborated the victim's story, saying that, while she was sitting next to the victim, who had his arm around her shoulder, the probationer approached and bent over the victim, "and with sort of a straight motion[, stabbed] him twice and . . . said something [about] bleeding to death." She saw a knife in the probationer's hand.[2]

The officer also interviewed the probationer's girl friend, who stated that she was with the probationer at the party for the entire time, except when they were leaving. At that time, the

---

[1]The probationer was indicted by a grand jury on charges of armed assault with intent to murder and assault and battery by means of a dangerous weapon.

[2]The police subsequently searched the area where the stabbing occurred but did not find a knife.

probationer told her that he had to do something and that he would be right back. He left and went back toward the party. He returned "a minute later" and told her they needed "to get out of there." They started to leave, but she was stopped by some friends and started talking to them. The probationer continued on without her. The next time the girl friend saw the probationer, he was on the ground, the victim of an apparent beating.

The probationer was brought to the same hospital as the victim. He told the officer about the beating but did not mention a stabbing.

At the surrender hearing, the probationer argued that the Commonwealth's evidence consisted entirely of unreliable hearsay, and that there was no good reason not to have called the victim or his girl friend to testify. The judge found, by a preponderance of the evidence, that the probationer violated his probation by committing armed assault with intent to murder. He also found that the hearsay testified to by the officer was reliable because the detail provided by the victim and the two women suggested personal knowledge and because the three would be subject to prosecution for making false statements; that there was good cause for the absence of testimony from the victim and his girl friend; and that the officer saw that the victim had been stabbed.[3]

Guilty findings were entered on each of the three complaints that had been continued without a finding. The probationer's probation was revoked, and he was sentenced to one year in a house of correction on one of the complaints.[4] He timely appealed, arguing, as he did below, that the Commonwealth's evidence consisted of unreliable hearsay and the judge failed to make the requisite finding of good cause for proceeding without at least one percipient witness.

While the appeal was pending, the probationer pleaded guilty in the Superior Court to armed assault with intent to murder and assault and battery by means of a dangerous weapon, the basis

---

[3]The officer did not explicitly state that he saw the wounds. However, the judge's finding is a reasonable inference from the record. The probationer does not contest that the officer saw that the victim had been stabbed; instead, he argues that it is not evidence of who perpetrated the stabbing.

[4]The thirty-day sentences on the other complaints were deemed served.

of the probation revocation.[5] See note 1, *supra.* The Commonwealth moved to dismiss the appeal and to enlarge the record, arguing that, because the probationer pleaded guilty to the underlying crimes, the appeal was moot. The probationer filed an opposition to the motion and the application for direct appellate review.

*Discussion.* The Commonwealth argues that the probationer's appeal from the revocation of his probation was rendered moot when he pleaded guilty to the underlying crimes. To support its argument it relies on *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473 (2001) (*Fallon*). In *Fallon*, the defendant had received a six-month suspended sentence and a term of probation after pleading guilty to operating while under the influence (and two other charges). *Id.* at 473. While on probation, he was charged with new crimes, and his probation was revoked. *Id.* at 473-474. He had served his six-month sentence and was released before briefs were filed in his appeal. *Id.* at 474. The court stated that the defendant's appeal from the revocation of his probation was rendered moot because his subsequent conviction proved the new charges beyond a reasonable doubt, which is a higher standard of proof than the standard for a violation of probation. *Id.* at 475. Therefore, the conviction "submerge[d] any residual negative consequences of the probation revocation" *Id.*

Here, the Commonwealth argues, in essence, that the probationer's appeal from his probation revocation in this case is moot because the principle of *Fallon* and its progeny, that negative consequences are "submerge[d]" by a conviction or plea of guilty, applies equally where, as here, a continuation without a finding becomes a guilty finding as the result of a probation violation.

The probationer argues that his appeal is not moot and that we should reject *Fallon* because it allows constitutional violations to go unredressed, and is at odds with decisions of this court that state that a review of a probation revocation may be required where there may be collateral consequences in sub-

---

[5]He was sentenced to from three to five years in State prison on the charge of armed assault with intent to murder and five years' probation on the charge of armed assault and battery by means of a dangerous weapon to run from and after the committed sentence.

sequent judicial proceedings. In particular he states that the collateral consequences for him were very serious, where guilty findings were entered on three complaints.

We do not agree with the Commonwealth that *Fallon* settled the issue whether all convictions or pleas of guilty on offenses on which the revocation was based renders any pending appeal moot. As we stated in *Commonwealth* v. *Pena, ante* 183, 187 (2012), released today, a probation violation proceeding involves a two-step process. "[T]he judge must determine, as a factual matter, whether the defendant has violated the conditions of his probation." *Id.*, quoting *Commonwealth* v. *Durling*, 407 Mass. 108, 111 (1990). See Rule 5 of the District Court Rules for Probation Violation Proceedings 89 & commentary (LexisNexis 2011-2012) (two-step procedure for probation violation proceeding). Where the judge makes that determination, the disposition of the matter is within the discretion of the judge, who "can either revoke the probation and sentence the defendant or, if appropriate, modify the terms of his probation." *Commonwealth* v. *Pena, supra*, quoting *Commonwealth* v. *Durling, supra*. See Rule 7 (d) of the District Court Rules for Probation Violation Proceedings, *supra* at 97 & commentary (after finding violation of probation, judge may continue, terminate, modify, or revoke probation); Rule 9 (b)-(d) of the District Court Rules for Probation Violation Proceedings, *supra* at 103 & commentary (where probation involves continuance without finding, judge "may continue the continuance," terminate, modify, or revoke probation; if probation revoked, guilty finding shall enter on underlying crime).

Although a conviction or guilty plea to a subsequent crime renders moot an appellate claim that a judge erred in making the factual determination that a probationer violated the terms of his probation, it does not render moot a claim that some aspect of the proceeding violated the probationer's constitutional rights, because it "potentially impact[s]" the second step of the process, i.e., the disposition. *Commonwealth* v. *Pena, supra* at 188.

In this case, the claim that the hearsay offered at the probation revocation proceeding was unreliable involves the first step in the probation violation proceeding, that is, the factual determination whether the probationer violated his probation. The subsequent pleas of guilty to the offenses that formed the

basis of the judge's factual finding of a violation of probation renders moot the claim that the hearsay was unreliable.[6]

The probationer argues that even though he pleaded guilty, if we determine that the hearsay was unreliable, the ultimate disposition could change. For example, because the probationer has already served the sentence imposed on his probation violation, the Commonwealth may decide not to proceed with another surrender hearing. Alternatively, because the probationer was given straight probation, the judge could dispose of the matter by imposing further probation rather than incarceration. See *Buckley* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 815, 817 (1985) (judge has discretion to consider subsequent events in modifying conditions of probation); *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 478 n.1 (1999) (where defendant violates sentence that is solely probation, judge has discretion to consider alternative to incarceration). See also Rules 7 (d) and 9 (d) of the District Court Rules for Probation Violation Proceedings, *supra*. In either case, he argues, the three findings of guilty would not be on his record because a successful appeal would restore the status of those cases to continuances without a finding, and the time the probationer served could be considered against the time he is currently serving for the subsequent armed assault with intent to murder. See note 5, *supra*.

It is true that the probationer arguably suffered significant collateral consequences once the judge found that he violated his probation. It is also true that if there were a new probation proceeding, the disposition potentially could change. However, the fact that the disposition of the probation matter potentially could change is not enough to alter the nature of the probationer's actual claim of error, which goes to the fact-finding step of the probation violation proceeding. Accordingly, the probationer's subsequent plea of guilty renders his appeal moot.[7]

*Appeal dismissed.*

---

[6]As we point out in *Commonwealth* v. *Pena*, *ante* 183, 187 n.5 (2012), "[w]hether the term 'moot,' as used in *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473 (2001), is entirely apt in the circumstances is perhaps debatable[, but] there does not seem to be a better operative term."

[7]As part of our review of the issues raised in this appeal, we have considered

all of the probationer's arguments concerning the reliability of the hearsay introduced at the surrender hearing. Given our conclusion that the pleas of guilty render moot the probationer's hearsay claim, we need not address those arguments in detail; it suffices to say that we conclude that the hearsay was reliable.