The defendant, Philip Consolo, appeals from an order revoking his probation and imposing a one-year sentence in the house of correction.
Background. On January 13, 2016, the defendant admitted to sufficient facts on charges of assault and battery by means of a dangerous weapon and assault and battery. The plea judge continued the cases without findings for eighteen months. At the plea hearing, however, the defendant signed a probation order requiring him to obey all local, State, and Federal laws and to refrain from abusing the victim (J.D.), and stating other conditions.
While still on probation, the defendant was charged with assault and battery on a family or household member, strangulation, and violation of an abuse prevention order. The victim in all three cases was J.D. The charges stemmed from an incident between the defendant and J.D. in a motor vehicle. As a result of the new charges, a notice of probation violation issued. Following a hearing, the revocation judge (who was not the plea judge) determined that the defendant was in violation of the terms of his probation, finding by a preponderance of the evidence that the defendant committed the new charges. The revocation judge revoked the defendant's probation and imposed a one-year sentence in the house of correction. Approximately one month after the hearing, the defendant pleaded guilty to the new charges.
Discussion. The defendant argues that defense counsel should have withdrawn so she could testify at the hearing regarding a conversation she had with the testifying police officer, and that her failure to do so constituted ineffective assistance of counsel. The defendant asserts that even though he subsequently pleaded guilty to the new charges, his claim is not moot because the ineffectiveness may have affected the dispositional phase of the probation hearing. See Commonwealth v. Milot, 462 Mass. 197, 201 (2012). We are not persuaded. As the Milot court noted, simply because "the disposition of the probation matter potentially could [have] change[d] is not enough to alter the nature of the ... claim of error, which goes to the fact-finding step of the probation violation proceeding." Id. at 202. Because the error the defendant raises related entirely to whether he committed the new charges, i.e., the fact-finding step of the proceeding, his claim is indeed moot.
Even if the claim is not moot, the defendant did not receive ineffective assistance at the hearing. To sustain this claim, a defendant must show that the behavior of counsel fell below that of an "ordinary fallible lawyer" and that such failing "likely deprived the defendant of an otherwise available, substantial ground of [defense]." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The defendant also must show that "better work might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). The defendant did not assert the ineffective assistance claim through the preferred method, i.e., in a motion for a new probation violation hearing. See Commonwealth v. Zinser, 446 Mass. 807, 811 (2006) ; Commonwealth v. Bowen, 92 Mass. App. Ct. 793, 799 (2018). Nor did he submit an affidavit from counsel. Instead, he raises the issue for the first time on appeal. Typically, ineffective assistance claims should only be brought on direct appeal "when the factual basis of the claim appears indisputably on the trial record." Zinser, supra. This is not such a case.
Defense counsel's strategy at the hearing was to thoroughly cross-examine the police officer who, the defendant claims, admitted to defense counsel outside of the hearing that the marks on J.D.'s neck were not consistent with marks "normal[ly]" seen from strangulation. In fact, defense counsel's cross-examination effectively elicited the exact information to which she could have testified. Therefore, even if we concluded that defense counsel should have withdrawn because she indisputably was a necessary witness, a conclusion we do not reach, the defendant cannot show that better work might have accomplished something material for the defense.
We also note that the revocation judge credited the police officer's statement in its entirety, which included testimony that J.D. told him that the defendant "grabbed [her] around the throat and -- caus[ed] her not to be able to breathe very well for approximately three seconds." The police officer also testified that J.D. was nervous and upset and that she had "a red mark on her upper chest/lower neck," observations he made himself. The revocation judge was entitled to credit this testimony. See Commonwealth v. Durling, 407 Mass. 108, 118 (1990) (reliable hearsay can be basis for probation revocation).
Order revoking probation and imposing sentence affirmed.