NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-724

COMMONWEALTH

vs.

DYLAN J. ST. FRANCIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Dylan J. St. Francis, appeals from an order of a District Court judge revoking his probation.  The defendant argues that his due process rights were violated when the judge based the probation violation finding on information in a police report that was unreliable hearsay.  We affirm.

Background.  On June 17, 2021, the defendant pleaded guilty in the Uxbridge District Court to indecent assault and battery and was sentenced to two years in the house of correction, with one year to serve and the balance suspended for eighteen months. His conditions of probation included that he obey all state laws.

On July 17, 2022, a complaint issued in the Worcester District Court alleging that the defendant had committed rape in violation of G. L. c. 265, § 22 (b), and assault and battery on a household member in violation of G. L. c. 265, § 13M (a).[1]  As a result, a notice of probation violation issued in the Uxbridge case.  The probation officer summonsed the alleged victim in the Worcester case to testify at the probation violation hearing.

The probation violation hearing was held on October 5, 2022.  The probation officer testified that the alleged victim in the Worcester case was unable to attend because she was living in New Hampshire and had difficulty obtaining transportation.  The probation officer asked to submit a police report in evidence; the defendant objected, arguing that it was not reliable.  The judge found that the police report was factually detailed and reliable.  The judge concluded that the defendant had violated his probation by violating a criminal law, noting the docket number of the Worcester case.  On the probation violation finding and disposition form, the judge indicated the basis for the violation by checking the box next to the words "PROBATIONER'S ADMISSION."  On the same form, the judge did not check the boxes next to the option that the finding of a violation was based on testimonial, documentary, or

---

[1] That complaint involved a different alleged victim from the one in the Uxbridge case.

hearsay evidence.  The judge revoked the defendant's probation and sentenced him to one year in the house of correction.[2]

On February 24, 2023, on the Worcester District Court complaint, the defendant pleaded guilty to so much of the count for assault and battery on a household member as alleged assault and battery, and by agreement of the parties was sentenced to one year probation.  As to the count alleging rape, it was amended to indecent assault and battery and dismissed.  The tender of plea form noted that the probation officer objected to the disposition.  It set forth the judge's reasons for the disposition as "Victim has left state & did not appear at VOP. Comm. represents she doesn't want to further prosecute & wants prob[ation]."

Discussion.  The defendant argues that the judge improperly based the finding of a probation violation on unreliable hearsay in the police report.[3]  The judge's findings make clear that he revoked the defendant's probation based on the defendant's

---

[2] At oral argument, defense counsel informed the panel that the defendant has completed serving that sentence.

[3] To the extent that the defendant argues that the testimony of the alleged victim in the Worcester case was "necessary" at the probation violation hearing, he waived that argument because he did not seek to call her to testify.  Contrast Commonwealth v. Costa, 490 Mass. 118, 131 (2022) (judge erred in precluding defendant from calling sexual assault victim to testify at probation violation hearing).

admission that he "pushed" the victim, which, as the defendant later admitted at the plea, amounted to an assault and battery.[4]

We review a judge's finding of a probation violation for abuse of discretion. See Commonwealth v. Durling, 407 Mass. 108, 111-112 (1990). To decide whether there was an abuse of discretion, we must determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge, by a preponderance of the evidence, that the probationer had violated the specified [probation] conditions" (citation and alterations omitted). Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023). If a defendant's probation is revoked "based solely on hearsay evidence, the proffered hearsay must have 'substantial indicia of reliability' to satisfy the good cause requirement" for proceeding without a witness with personal knowledge of the evidence. Commonwealth v. Costa, 490 Mass. 118, 124 (2022), quoting Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016). See Rule 7(b) of the District Court Rules for Probation Violation Proceedings (2015). To determine whether

---

[4] Because we conclude that the police report contained reliable hearsay, we do not reach the Commonwealth's argument that the defendant's subsequent plea to assault and battery rendered moot his claim that the judge impermissibly considered unreliable hearsay at the probation violation hearing. See Commonwealth v. Milot, 462 Mass. 197, 201 (2012).

4

hearsay has "substantial indicia of reliability," a judge may consider

> "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Hartfield, supra at 484.

At the probation violation hearing, the judge found that the Worcester police report was "factually detailed and reliable." The police report documented that the defendant's brother called the police and reported that while on the telephone with the defendant, the brother heard arguing; the brother reported that the defendant was drunk and aggressive. Responding officers spoke to the defendant, who admitted that he and his "girlfriend" had been drinking alcohol with others present. The defendant told police that he pushed his girlfriend to try to get her outside so they could discuss the matter privately. The officers then spoke to the alleged victim, who reported that the defendant pushed her once in the shoulder or chest area with both hands. After police arrested the defendant and placed him in a patrol wagon, the alleged victim disclosed that the defendant had also raped her.

5

We conclude that the judge did not abuse his discretion in determining that the police report contained substantial indicia of reliability warranting the judge to find by a preponderance of the evidence that the defendant had violated the probation condition not to violate the criminal laws.  The police report documented statements from three witnesses:  the defendant's brother, the defendant, and the alleged victim.  Contrary to the defendant's argument the mere fact that those three witnesses' statements were contained in a single police report did not make their statements any less reliable.  Those statements were made soon after the events they described.  The statements were detailed, and each corroborated the statements of the other two witnesses.  Indeed, the defendant's own statement contained an admission to assault and battery.[5]  Cf. Commonwealth v. Simon, 57

---

[5] Of course, without the police officer present to testify, the police report containing the defendant's admission constituted hearsay.  Here, however, it was reliable hearsay under the Hartfield test.

Mass. App. Ct. 80, 85-86 (2003) (violation based in part on probationer's own admission contained in police reports).

Order revoking probation affirmed.

By the Court (Henry, Grant & D'Angelo, JJ.[6]),

Assistant Clerk

Entered: July 31, 2024.

---

[6] The panelists are listed in order of seniority.