NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1268

COMMONWEALTH

vs.

DAMIAN DUCKSWORTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The probationer, Damian Ducksworth, appeals from a District Court judge's order revoking his probation based on findings that he committed two new offenses:  armed robbery, and assault and battery by means of a dangerous weapon.  Because the probationer later pleaded guilty to a reduced charge of assault and battery,[1] we need not address his claim that the judge erred by basing his factual finding for the violation on unreliable hearsay evidence.  See Commonwealth v. Milot, 462 Mass. 197, 201-202 (2012) ("subsequent pleas of guilty to the offenses that formed the basis of the judge's factual finding of a violation

_____

[1] See Fitchburg Dist. Ct. Docket No. 2316CR000861 (Feb. 26, 2024).  The armed robbery charge was reduced to larceny from a person and dismissed at the request of the Commonwealth.

of probation render[] moot the claim that the hearsay was unreliable").  The remaining issue is the probationer's claim that his due process rights were violated because he was not allowed to confront adverse witnesses or to present a defense. We affirm.

Background.  On February 17, 2023, the probationer pleaded guilty to violating an abuse prevention order, in violation of G. L. c. 209A, § 7, and he was sentenced to serve two years at the house of correction, suspended with probation until June 24, 2024.  Included with his probation were conditions that he obey all local, State, and Federal laws and court orders.

On September 12, 2023, while he was on probation, a criminal complaint was issued against the probationer for one count of armed robbery, in violation of G. L. c. 265, § 17, and one count of assault and battery by means of a dangerous weapon (blunt object), in violation of G. L. c. 265, § 15A (b).  The probationer was arraigned and held without bail after a finding of dangerousness pursuant to G. L. c. 276, § 58A.  On September 19, 2023, the probation department issued the probationer a notice for alleged probation violations for the two new offenses.

A judge of the District Court held a probation violation hearing on October 18, 2023.  At the start of proceedings, the

2

prosecutor informed the judge that the Commonwealth had summonsed the victim, and although the victim had reported to the court that day, he did not wish to testify. The prosecutor indicated that he intended to rely on the police report to establish that the probationer had violated the terms and conditions of his probation. The prosecutor also confirmed that, after learning of the witness's reluctance to testify, he had notified counsel for the probationer. The hearing proceeded and the probation officer submitted various documents into evidence and requested that the judge admit the police report compiled by Officer Dawson Stacy into evidence narrating the two new criminal charges. The judge, over the probationer's objection, found the report to be reliable and admitted it into evidence.

At the conclusion of the evidence, the judge found, by a preponderance of the evidence, that the probationer had violated his probation by committing the crimes of assault and battery by means of a dangerous weapon and armed robbery. Only then did the probationer's counsel request a continuance so that he could "get this guy [the victim] in here and cross-examine him." The judge denied this motion. On the probation violation finding and disposition form, the judge noted that he based his findings on "testimonial or documentary evidence," namely the probation

3

conditions, the violation notice, and Officer Stacy's police report.  The judge also indicated that the finding was based on "hearsay evidence" that he found to be substantially reliable because it was provided by a disinterested witness and was factually detailed.

At the conclusion of the hearing, the judge found that, as a result of the probationer's commission of the new offenses, his probation should be revoked, and the judge imposed the suspended sentence.  Approximately four months later, the probationer pleaded guilty to assault and battery, in violation of G. L. c. 265, § 13A (a).

Discussion.  The probationer argues that the judge's reliance on the police report instead of the testimony from a live witness (the victim) prevented him from confronting adverse witnesses and presenting a defense, thus violating his State and Federal due process rights.  After a careful review of the record, we are not persuaded.

We review a judge's finding of a probation violation for an abuse of discretion.  See Commonwealth v. Durling, 407 Mass. 108, 111 (1990).  A guilty plea does not render moot an argument that the probationer's constitutional rights were violated during the revocation proceeding.  Commonwealth v. Pena, 462 Mass. 183, 188 (2012).  "[T]he right to confront adverse

4

witnesses and the right to present a defense are distinct due process rights separately guaranteed to probationers." Commonwealth v. Kelsey, 464 Mass. 315, 327 n.12 (2013). "Claims of violations of these rights 'should not be conflated' and 'must be analyzed separately.'" Commonwealth v. Costa, 490 Mass. 118, 124 (2022), quoting Commonwealth v. Hartfield, 474 Mass. 474, 479 (2016).

1. Right to confront adverse witnesses. The probationer argues that the judge erred in admitting the police report in place of the victim's live testimony, thus violating his Sixth Amendment right to confront an adverse witness. When determining whether the proffered hearsay evidence violated the probationer's right to confront an adverse witness, we review the hearsay for reliability. See Durling, 407 Mass at 118. In a probation violation hearing, the probationer has the right to confront and cross-examine adverse witnesses unless the judge determines that good cause exists for proceeding without a witness with personal knowledge of the evidence. Durling, supra at 113. If a defendant's probation is revoked based solely on hearsay evidence, "the proffered hearsay must have 'substantial indicia of reliability' to satisfy the good cause requirement." Costa, 490 Mass. at 124, quoting Hartfield, 474 Mass. at 482.

In determining whether the hearsay evidence has the required indicia of reliability, the judge may consider:

"(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Hartfield, supra at 484. Hearsay does not need to satisfy all the above criteria to be sufficiently reliable and satisfy the good cause requirement. Commonwealth v. Patton, 458 Mass. 119, 133 (2010).

At the probation violation hearing, the judge determined that Officer Stacy's police report was reliable because it was "provided by a disinterested witness" and was "factually detailed." The police report documented that when the victim arrived at the Fitchburg police department, he "appeared to be in severe pain" and requested an ambulance. The victim then told Officer Stacy that he had been "jumped by multiple people" and that his Jeep had been stolen. He also identified the probationer, whom he knew from high school, as one of his assailants. While Officer Stacy was busy requesting an ambulance for the victim, another officer located the victim's Jeep. After searching the vehicle, that officer recovered a

6

wrench that matched the victim's description of the "shiny, pipe type object" used in the robbery.  Officer Stacy also visited the victim at the hospital where the victim repeated this statement and gave further details about the robbery.

We conclude that the judge did not err in determining that the police report was substantially reliable.  The victim ran directly from the event to the police station.  His statements were made under circumstances that support their veracity.  See Commonwealth v. Nunez, 446 Mass. 54, 59 (2006) (finding hearsay evidence to be reliable in part because reporting officer corroborated victim's statement).  The statements were corroborated by Officer Stacy, who personally observed the victim's injuries, and the officer who located the Jeep and recovered the wrench from inside the vehicle.  Officer Stacy then compiled the final report less than thirty minutes after his interview with the victim at the hospital.  Because the police report was found to be reliable and thus satisfied the good cause requirement for admitting hearsay in place of live testimony, the judge's finding of a probation violation based on the report did not violate the probationer's confrontation rights.[2]

---

[2] To the extent that the probationer argues that the judge's denial of his motion to continue the revocation proceeding

2.  Right to present a defense.  The probationer argues
that the judge erred in denying the probationer's "request to
cross examine" the victim.  We are not persuaded.  "[A]
probationer has a presumptive due process right to call
witnesses in his or her defense."  Hartfield, 474 Mass. at 481.
The admission of reliable hearsay evidence does not, however,
bar a probationer from calling the declarant as a witness.  Id.
at 482.  Though the probationer argues that the victim's
testimony was necessary for his defense, he did not issue a
summons to the victim -- or any witnesses -- to testify.[3]
Furthermore, neither the judge nor the Commonwealth infringed on
the probationer's ability to call the victim as a witness.  Cf.
Costa, 490 Mass. at 131 (defendant's right to present defense
was violated when Commonwealth successfully precluded defendant

---

deprived him of his confrontation right, we are similarly
unpersuaded.  "The decision whether to grant a motion to
continue lies within the sound discretion of the trial judge."
Commonwealth v. Miles, 420 Mass. 67, 85 (1995).  Where we
conclude that the judge had good cause to rely on hearsay
testimony, we cannot say it was an abuse of discretion to deny
the probationer's motion.

[3] To the extent that the probationer argues that the judge
erred in his consideration of the "totality of the
circumstances" factors to determine whether the victim's
testimony was necessary for the probationer to present a
defense, the probationer waived that argument because he did not
seek to call the victim to testify.  See Hartfield, 474 Mass. at
481.

8

from calling complainant as a witness).  Simply put, the defense's own failure to present a defense or call witnesses to testify on his behalf does not amount to a violation of due process to present a defense.[4]

Order revoking probation and
   imposing sentence affirmed.

By the Court (Meade, Walsh &
   Hodgens, JJ.[5]),

Clerk

Entered:  October 10, 2025.

---

[4] To the extent the probationer argues that the judge's denial of his request for a continuance to "get [the victim] in here and cross-examine him" amounted to a denial of his right to call the victim, we are unpersuaded.  The record does not show, nor does the probationer argue, that he issued a summons to compel the victim's testimony.  Where the victim was unwilling to testify for the Commonwealth, it was reasonable for the judge to conclude that he would not testify as the petitioner's hostile witness without a summons.  The probationer's choice to rely on the Commonwealth's summons in a proceeding where hearsay is often admitted does not amount to a violation of due process.

[5] The panelists are listed in order of seniority.